HARRIET N. LOTHIAN, Appellee, v. DANIEL LOTHIAN, Appellee; DAVIS & VORHIS, Appellants.

1.  **Practice in Supreme Court**: QUESTIONS CONSIDERED ON APPEAL: TRIAL BY JURY: WAIVER.    Where the defendants in a cause stated in open court that it was immaterial to them whether said cause was tried as a case in equity or as a special proceeding, but excepted to the order of court that it be tried as in equity, *held*, that the defendants were not entitled upon appeal to raise the question of their right to a jury trial.

2. **Contracts**: ASSENT: EVIDENCE. Where a woman of seventy-five years of age used language implying consent to a verbal contract, the purport of which she did not understand, *held*, that there was no meeting of the minds of the parties, and that, therefore, there was no agreement.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, MAY 20, 1893.

THE plaintiff and the defendant Daniel Lothian were husband and wife. On the seventh day of January, 1890, they were divorced by a decree of the Linn district court, on the petition of the plaintiff. Permanent alimony was allowed, consisting of certain real estate, and a money judgment was rendered for seven thousand dollars. The defendants Davis & Voris were attorneys for the plaintiff in the action. The judgment of seven thousand dollars was paid by the defendant Lothian. This is a summary proceeding in that action against said Davis & Voris, in which the plaintiff sought, by motion, to have an order on her said attorneys, requiring them to pay to her, or into court for her use, a balance of two thousand dollars, which she alleged they collected, and which they neglect and refuse to pay over to her. The motion was heard by the court, and it was found that Davis & Voris had in their possession, as the proceeds of the collection of the judgment and decree for alimony in the cause, the sum of two thousand dollars and that they are entitled to retain one thousand dollars as their fees. An order was made that said attorneys pay to the plaintiff the sum of one thousand dollars within thirty days. From this order the defendants Davis & Voris appeal.—*Affirmed.*

*J. W. Jamison* and *Rickel & Crocker* for appellants.

*M. P. Smith* and *Wm. G. Thompson* for appellee.

ROTHROCK, J.—I. The question of fact involved on the hearing of the motion was whether the defend-

1. PRACTICE in supreme court: questions considered on appeal: trial by jury: waiver.

ants were entitled to retain the two thousand dollars in controversy as compensation for legal services in connection with the separation of the plaintiff and her husband, and the procuring of a decree of divorce and judgment for alimony. The court heard the motion as a proceeding in equity. Counsel for defendants insist that it should have been tried as an issue at law, and that to deny a trial by jury, as in a law action, is contrary to the constitution of this state. Our examination of the record leads us to the conclusion that no such question was made in the district court.

The following is a copy of part of the bill of exceptions: "When the cause was called for trial, the plaintiff insisted the case should be tried and the evidence taken as a proceeding and trial in equity, and the defendants Davis & Voris insisted it should be tried as a special proceeding at law; but said Davis & Voris stated in open court it was immaterial to them which way the court ordered it tried, but did not consent to its being tried as an equity case. Thereupon it was ordered by the court that it should be tried as an equity proceeding, to which order and ruling of the court the defendants Davis & Voris duly excepted." The defendants did not at any time demand that a jury be impaneled to try the issue, and, after expressing themselves as indifferent whether the trial should be at law or in equity, the mere general exception to the ruling of the court can give them no standing on that question in this court. If it were desirable that the question of the constitutionality of the mode of trial should be tested, there should have been no equivocation about it. There should have been a demand that the issue be tried as at law, and a jury should have been demanded. It is provided by section 2910 of the Code that "the motion

shall be heard and determined without written pleadings, and judgment given according to law and the rules of equity." Whether this is to be understood as meaning that the proceeding or form of the hearing shall be as in a case in equity, we need not determine. If we were to pass upon that question our holding would be vulnerable to the objection that it was a ruling on a question not presented by the record.

II.   It is not disputed that the defendants received two thousand dollars of the seven thousand dollars money judgment awarded to the plaintiff as alimony. It is claimed that this was no more than reasonable compensation for the services rendered. Evidence was taken upon this question, and the testimony of the witnesses is in conflict. It is not our purpose to set out the evidence. A careful examination of the whole record leads us to the conclusion that the one thousand dollars allowed by the district court is ample compensation for all the professional services rendered by the defendants for the plaintiff.

III.   It is further claimed that the sum of two thousand dollars was specially agreed upon by the 2. CONTRACTS: plaintiff and the defendants as the proper assent: evidence. compensation, and that the plaintiff actually paid the defendants that amount. There is evidence to that effect. But, when all the facts and circumstances disclosed in evidence are taken into consideration, we do not think any binding contract was made. Our conclusion is that the minds of the parties never met on that proposition. The judgment was paid into court in the form of bank drafts, payable to the order of Mrs. Lothian. The defendants went to the clerk's office, and receipted for the amount of the drafts in the judgment docket, and took the drafts into their possession. The whole judgment was not paid at one time. The first payment consisted of two drafts, one for three thousand dollars and the other for two thou-

sand, five hundred dollars. When Mrs. Lothian called at the office of the defendants, one of the defendants produced the drafts, and went with the plaintiff to a bank. The plaintiff indorsed the drafts. They were passed in to the banker, and a certificate of deposit was issued to the defendants for the two thousand dollars in controversy. It is true there is evidence that the plaintiff consented to this arrangement. But there is evidence that she did not consent. She testified that she thought that the two thousand dollars was deposited "to her call;" that she indorsed whatever checks were presented to her by the defendants, because she "had nobody else to trust."

The plaintiff is now about seventy-five years of age. It appears from the petition for divorce and alimony filed by the defendants that she was married to Daniel Lothian in the year 1836, and that they lived and cohabited together until 1889, when the husband abandoned her, and lived in adultery with another woman. It further appears in the evidence that all of the children of the marriage are dead. In this time of her trial the plaintiff did not want a divorce. She wanted to compel the husband to pay alimony, which she thought would induce him to return to her, and be faithful to his marriage vows. It is no doubt true that she was ready and willing to do anything that she was advised to do by her attorneys. There was no defense to the action. The charge of adultery was confessed by a default. In view of all these, and many other considerations that might be named, not the least important of which is the trust and confidence reposed in an attorney by a person in the situation of this aged woman, we think that it should be held that the evidence fairly shows that she never consented that the defendants should have two thousand dollars for their services. If she used language implying such consent,

she did not understand its import, and should not be bound by it.

The order of the district court is AFFIRMED.